# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br>v.<br><br>SALVADOR HERNANDEZ-ESTRADA,<br><br>             Defendant. | Case No. 10cr558 BTM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL** |

Defendant Salvador Hernandez-Estrada has filed a motion for a new trial. For the reasons discussed below, Defendant's motion is **DENIED**.

Defendant contends that the Court must grant a new trial because the Government violated Brady v. Maryland, 373 U.S. 83, 87 (1963), by suppressing "materially favorable impeachment evidence." Specifically, Defendant argues that he was prejudiced by the Government's failure to inform him that prior to Agent Dodge's testimony, Agent Dodge told AUSA Victor White that Defendant looked "familiar" as someone he had apprehended before. According to Defendant, this statement is materially different from Agent Dodge's trial testimony that he recognized Defendant as someone he encountered on December 9, 2009, 400 yards north of the U.S./Mexico border.

There are three components of a Brady claim: (1) the evidence at issue must be favorable to the accused; (2) the evidence must have been suppressed; and (3) prejudice must have ensued. Maxwell v. Roe, 628 F.3d 486, 509 (9th Cir. 2010). To establish

prejudice, the defendant must show that the evidence is material such that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Strickler v. Greene, 527 U.S. 263, 280 (1999). A "reasonable probability" of a different result is shown when the government's suppression of the evidence "undermines confidence in the outcome of the trial." Kyles v. Whitley, 514 U.S. 419, 434 (1995). In determining whether the suppression of impeachment evidence is sufficiently prejudicial to rise to the level of a Brady violation, the Court must analyze the totality of the undisclosed evidence in the context of the entire record. Maxwell, 628 F.3d at 512.

Agent Dodge's earlier statement to Mr. White was more qualified and less detailed than his trial testimony, but was not contradictory. At any rate, even if Agent Dodge's statement to Mr. White could be deemed impeachment evidence, the suppression of the evidence did not result in prejudice to Defendant. Considering the entire record, the prosecution's failure to disclose this evidence does not undermine confidence in the outcome of Defendant's trial.

Defendant also contends that a new trial must be granted on the ground that the Government knowingly allowed false testimony. However, Defendant has not established that Agent Dodge's trial testimony was false. Agent Dodge's earlier statement to Mr. White was not as definite as his trial testimony, but that does not mean that Agent Dodge lied on the stand. Furthermore, upon review of the entire record, the Court concludes that it is not reasonably likely that the testimony at issue effected the judgment of the jury. See United States v. Agurs, 427 U.S. 97, 103 (1994).

For the reasons discussed above, Defendant's due process rights were not violated, and Defendant is not entitled to a new trial. Defendant's motion for a new trial is **DENIED**. **IT IS SO ORDERED.**

DATED: June 16, 2011

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge